IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **THE CHELSEA CONDOMINIUM UNIT OWNERS ASSOCIATION et al.** )<br>)<br>) | |
| *Plaintiffs* ) | |
| v.          ) | |
|            ) | Case No. 1: 06CV00187 |
| **1815 A ST, CONDOMINIUM GROUP, LLC et al**  ) | Judge:  Ricardo Urbina |
|            ) | |
| *Defendants* ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS
OF
DEFENDANTS 1815 A ST, CONDOMINIUM GROUP, LLC, NATIONAL TITLE
SERVICES, LTD. AND HERBERT A. CALLIHAN
FOR
LACK OF SUPPLEMENTAL JURISDICTION AND OTHER GROUNDS**

**I  BACKGROUND AND FACTS**

This case arises out of the sale of condominium units in a newly converted 15-unit condominium in Washington DC.  The principal plaintiff is the unit owners association of the condominium, The Chelsea Condominium Unit Owners Association (the "Association") .  The principal Defendant is the Declarant of the Condominium, 1815 A St, Condominium Group, LLC.  The controversy centers around dissatisfaction with the physical condition of the building and  the adequacy of disclosures made in the Public Offering Statement that was provided to purchasers.

In addition to the condominium claims, three of the individual unit owners of the condominium,

1

also represented by the Condominium Association's attorney, have brought a RESPA action against the title company which conducted their closings, National Title Services, Inc. They are also Plaintiffs as to Count Eight relating to the District of Columbia Consumer Procedures Act. They allege that the closings were steered to the Title Company in Violation of the Real Estate Settlement Procedures Act ("RESPA") and that all required disclosures were not made.

Individual Defendants John F. Casey and Herbert A. Callihan are Members of 1815 A St, Condominium Group, LLC and Mr. Callihan and Mr. Casey are both averred to be affiliated with the Title Company.

The Complaint contains eight counts as follows:

Count I: Breach of Statutory Warranty, Count Two, Breach of Implied Warranties, Count Three: Strict Liability, Count Four: Negligence, Count Five: RESPA, Count Six: RESPA, Count Seven: Fraud, Count Eight: DC Consumer Protection Procedures Act.

**II     THE COURT LACKS SUPPELMENTAL JURISDICTION OVER THE SIX CONDOMINIUM COUNTS BECAUSE THEY ARE NOT "SO RELATED" TO THE RESPA CLAIMS WITHIN THE ORIGINAL JURISDICTION THAT THEY FORM PART OF THE SAME CASE OR CONTROVERSY**

The sole basis asserted for this Court's jurisdiction over the Condominium Association's claims is alleged "supplemental jurisdiction" under 28 USC §1367 because of the RESPA claims. The relevant portions of 28 USC §1367 are as follows:

> "§ 1367. Supplemental jurisdiction
>
> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have

supplemental jurisdiction over all other claims **that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution**. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

\*     \*     \*     \*

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—

   (1) the claim raises a novel or complex issue of State law,

   (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

   (3) the district court has dismissed all claims over which it has original jurisdiction, or

   (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

When faced with this issue, Courts apply a two part test. First it must be determined whether the State claims are "so related as to form part of the same case or controversy" under 28 USC § 1367(a). If the required nexus is not present, the Court simply lacks jurisdiction, the inquiry is ended and the State claims are dismissed. If the required nexus is found, the Court next decides whether to exercise its discretion to exercise or decline jurisdiction based on the four factors set forth in 1367 ( c ). This "two-step" approach was outlined by this Court in *Diven v. Amalgamated Transit Union & Local 689*, 309 U.S. App. D.C. 23, 38 F.3d 598, 601 (D.C. Cir. 1994) which states at 66:

> "When a federal court has an independent basis for exercising federal jurisdiction, it may, in certain circumstances, [**10] also exercise supplemental jurisdiction over related claims under state law." *Women*

> *Prisoners of the Dist. of Columbia Dep't of Corr. v. District of Columbia*, 320 U.S. App. D.C. 247, 93 F.3d 910, 920 (D.C. Cir. 1996). To determine when the assertion of supplemental jurisdiction is appropriate, the district court should apply a two-part test. *Id.* (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725, 16 L. Ed. 2d 218, 86 S. Ct. 1130 (1966)). The court first must determine whether the state and federal claims derive from a common nucleus of operative fact. *Id.* If so, "the court has the power, under *Article III of the Constitution*, to hear the state claim." *Id.* The court then must decide whether to exercise its discretion to assert jurisdiction over the state claim. *Id.* (noting the Supreme Court's observation that supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right"). In deciding whether to assert supplemental jurisdiction over a state claim, the court should consider whether judicial economy, convenience and fairness to litigants weigh in favor of doing so. *Id.* A court may decline to exercise supplemental jurisdiction, however, if the state claim raises [**11] a novel or complex issue of state law, substantially predominates over the federal claims, or remains after [*66] the court has dismissed the federal claims. *Id.* at 921 (citing *28 U.S.C. § 1367(c)*)."

In the present case the RESPA claims are not "so related" to the condominium warranty claims as to form part of the same case or controversy. Their RESPA claims have nothing to do with the physical condition of the condominium building or alleged misrepresentations that constitute the main case in point.

If the Court were to find, over our objection that the State Law Claims "derive from a common nucleus of operative fact", it must make a determination of whether to exercise its discretion to retain the State Law Counts applying the following factors of subparagraph ( c ) of 28 USC §1367:

> "(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
>   (1) the claim raises a novel or complex issue of State law,

  (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

  (3) the district court has dismissed all claims over which it has original jurisdiction, or

  (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

The following is an analysis of the application of the four factors to the present case.

### 1 Do the State Law claims raise "a novel or complex issue of State law"

Yes.  This case (Count Eight) seeks to overturn the decision of the DC Court of Appeals in *Owens v. Curtis*, 432 A.2d 737 (DC App, 1981) which holds that the DC Consumer Procedures Act is not applicable to sales of real estate.  In addition it raises issues of first impression as to the disclosures made under the DC Condominium Act.

### 2 Do the State Law Claims "substantially predominate over the claim or claims over which the district court has original jurisdiction".

  Yes.  The RESPA claims are minor in comparison to the condominium claims.  The standard has been described as a determination as to whether the State law claims "substantially predominate", *American Pfauter, Ltd. v Freeman Decorating Company/Freeman Co.* 772 F Supp 1071 (1991, ND Il).  Moreover the determination of liability and damage for the RESPA counts is simple (e.g. damages are calculated by multiplying the title costs by three), while the Condominium counts involve complex matters requiring expert and engineering testimony and all the complexities of construction litigation, as well as standards for negligence and disclosure.  Quantitatively, there is an overwhelming dominance of the State Law Counts.   The State Law counts constitute six of the eight counts.  The

predominance is even greater when it comes to money.  Although the Complaint contains no specific monetary damages demand, the Information Sheet submitted by Plaintiff with the original filing of this case, as reflected on the PACER site claims that the "amount in controversy" is $700,000.   The RESPA damages, which are three times the amount of the fees charged by the title company, for three people would constitute only a tiny fraction of $700,000.   SO the State Law Counts predominate by almost  a **4 to 1** margin by number and perhaps more than **20 to 1** by monetary amount.

> **3    Has "the district court has dismissed all claims over which it has original jurisdiction"**

Not applicable.

> **4 Are there "exceptional circumstances" or "other compelling reasons" for declining jurisdiction.**

Yes.  The determination of these issues is the particular domain of courts of the District of Columbia.  RESPA on the other hand permits actions to be brought in either State or Federal Court , 12 USC § 2614.

**III    AS TO COUNT THREE (STRICT LIABILITY), PLAINTIFFS HAVE FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED BECAUSE THERE IS  NO CAUSE OF ACTION CALLED "STRICT LIABILITY" APPLICABLE TO SALES OF REAL PROPERTY.**

The concept of "strict liability" has no bearing to the facts alleged in this case.   It is a legal principal dealing with abnormally dangerous activity.   The general principal is stated in   Restatement of the Law, Second, Torts  (The American Law Institute, 1977) as follows:

> "§  519 General Principle

> (1) One who carries on an abnormally dangerous activity is subject to liability for harm to the person, land or chattels of another resulting from the activity, although he has exercised the utmost care to prevent the harm.
>
> (2) This strict liability is limited to the kind of harm, the possibility of which makes the activity abnormally dangerous."

The examples cited by the Restatement include matters involving explosives, poisonous gas, inflammable liquids, blasting, pile driving and atomic energy and the like.

**IV AS TO COUNT SIX (RESPA SECTION 9, 12 USC §2608) PLAINTIFFS HAVE FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AS TO DEFENDANT NATIONAL TITLE SERVICES, LTD BECAUSE 12 USC §2608 APPLIES ONLY TO A "SELLER" OF REAL PROPERTY AND NATIONAL TITLE WAS NOT AND IS NOT ALLEGED TO BE A "SELLER".**

Count Six seeks damages for a violation of Section 9 of RESPA, 12 USC §2608 against all parties and yet it applies only to "sellers". The only "seller" in this case is the Declarant. 12 USCS § 2608 provides as follows:

> "§ 2608. Title companies; liability of **seller**
>
> (a) No seller of property that will be purchased with the assistance of a federally related mortgage loan shall require directly or indirectly, as a condition to selling the property, that title insurance covering the property be purchased by the buyer from any particular title company.
>
> (b) Any **seller** who violates the provisions of subsection (a) shall be liable to the buyer in an amount equal to three times all charges made for such title insurance." [emphasis supplied]

**V   AS TO COUNT SEVEN ("FRAUD"), PLAINTIFFS HAVE NOT ALLEGED FRAUD WITH THE SPECIFICITY REQUIRED BY FRCP RULE 9 (B).**

Count Seven, entitled "Fraud" seeks damages for alleged fraud from all Defendants. Rule 9(b) of the Federal Rules of Civil Procedure requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FED. R. CIV. P. 9(b). The rule permits matters such as "intent, knowledge and other condition of the mind" to be averred generally, but demands that the circumstances of the fraud be plead with specificity. *United States ex. rel. Totten v. Bombardier Corp.*, 351 U.S. App. D.C. 30, 286 F.3d 542, 551-52 (D.C. Cir. 2002)).

Paragraph 37 of the Complaint seeks to hold Defendant National Title Services liable for fraud as well as all other matters stating:

> "37.  Defendant National Title Services is a mere alter ego of defendant Callihan. Defendant National Title Services is effectively one and same with defendant Callihan. Defendant Callihan used defendant National Title Services to perpetrate fraudulent and otherwise wrongful conduct as set forth in this Complaint. To hold Callihan liable for the debts of defendant National Title Services would be both fair and just."

Count Seven itself continues this generic accusation without specific references to acts of fraud or as to what particular alleged fraudulent acts were relied upon. Moreover, it appears that the Condominium Association itself is claiming "fraud" but there is no reference to how the Association was defrauded or relied on particular fraudulent acts. These are vague generalizations and accusations that are not specific in any way.

**VI   AS TO COUNT EIGHT (DC CONSUMER PROCEDURES ACT) PLAINTIFFS HAVE FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED BECAUSE THE ACT IS NOT APPLICABLE TO SALES OF REAL PROPERTY**

The DC Consumer Procedures Act simply does not apply to sales of real property. This was decided by the DC Court of Appeals in Owens v. Curtis, 432 A.2d 737 (DC App, 1981) stating:

> "We hold that the sale of real estate is not within the meaning of 'primarily for personal, household or family use.' Accordingly, we affirm the trial court's ruling that, as a matter of law, the Consumer Protection Procedures Act is inapplicable to the case at bar." [Id. At 739]

WHEREFORE, Defendants move that the case be dismissed for the above stated reasons.

Respectfully Submitted,


_____/s/_____
Brian P. Murphy #71399
1912 Sunderland Pl. NW
Washington DC  20036
(202) 530-7155
Fax (202) 530-7166
E Mail  BMurphy@aol.com

Attorney for Defendants 1815 A St, Condominium Group, LLC,
National Title Services, Ltd. and Herbert A. Callihan