IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE CHELSEA CONDOMINIUM UNIT OWNERS ASSOCIATION, et al.<br><br>    Plaintiffs,<br><br>    v.<br><br>1815 A ST, CONDOMINIUM GROUP, LLC, et al.,<br><br>    Defendants. | Civil Action No. 1:06-CV-00187-RMU |

**PLAINTIFFS' REPORT PURSUANT
TO LOCAL CIVIL RULE 16.3**

Pursuant to L. Cv. R. 16.3 and Fed. R. Civ. P. 26(f), Plaintiffs, through undersigned counsel, respectfully submit this report.

Pursuant to L. Cv. R. 166.3(d), undersigned counsel certifies that efforts were made to secure defendants' participation in this Report. Plaintiffs' counsel (Jonathan K. Tycko) and Defendants' counsel (Brian P. Murphy) met on April 27, 2006, and conducted the conference required by L. Cv. R. 16.3 and Fed. R. Civ. P. 26(f). That same day, undersigned counsel prepared a draft of this Report, and sent it to Defendants' counsel for review. Despite numerous emails and phone messages since then, Defendants' counsel has never responded to the draft that was sent to him on April 27. Accordingly, given that today is the deadline for the filing of this Report, Plaintiffs' counsel is filing this Report without participation by Defendants' counsel.

At the meeting that was conducted on April 27, counsel for the parties discussed each of the 14 matters set forth in L. Cv. R. 16.3, and reached the following agreements on those 14 matters.

(1) Counsel agreed that this case is not likely to be resolved by dispositive motion, and agreed that no reason exists to stay discovery at this time.

(2) Counsel agreed that a deadline for joining additional parties and amending pleadings should be included in the Scheduling Order to be entered by the Court. A proposed deadline is set forth in the proposed Scheduling Order submitted herewith.

(3) Counsel agreed that this case should not be assigned to a magistrate judge for all purposes.

(4) Counsel discussed settlement. However, no specific offers are currently pending, and no settlement is anticipated in the immediate future.

(5) Counsel agreed that, at some point prior to trial, mediation may be appropriate and helpful. Plaintiffs' counsel believes that mediation likely would be most helpful after discovery is completed.

(6) Counsel agreed that it is unlikely that this case will be resolved, in its entirety, by way of summary judgment motions; however, certain of the claims and defenses alleged by the parties might be subject to resolution by way of dispositive motions. Accordingly, in the proposed Scheduling Order submitted herewith, a deadline for the filing of dispositive motions (15 days after the close of discovery) is included.

(7) Counsel agreed that the parties will follow the normal rules for initial disclosures.

(8) and (9)    Counsel discussed the schedule for both fact and expert discovery, and agreed that deadlines for expert disclosures and discovery should be included in the Scheduling Order to be entered by the Court.  Proposed deadlines are included in the Scheduling Order submitted herewith.

(10)    n/a

(11)    Counsel agreed that, at this time, there is no reason to handle this case through bifurcation or phasing.

(12)    Plaintiffs' counsel proposes that the Pretrial Conference be conducted on a date convenient to the Court that is approximately 90 days after the close of all fact and expert discovery.  Under the proposed Scheduling Order submitted herewith, this would be approximately late-December, 2006.

(13)    Counsel agreed that a trial date can be set at the Pretrial Conference.

(14)    Counsel agreed that no other matters need be addressed in the Scheduling Order at this time.

The Scheduling Order submitted herewith was discussed by counsel at the April 27 meeting.  At that meeting, Defendants' counsel did not voice any objection to the schedule. However, because Defendants' counsel has not responded since then or otherwise participated in the preparation of this Report, Plaintiffs' counsel does not know what Defendants' current position is with respect to the schedule.

Respectfully submitted,


_____/s/_____
Jonathan K. Tycko
  D.C. Bar No. 445851
Kathleen R. Hartnett
  D.C. Bar No. 483250
TYCKO, ZAVAREEI & SPIVA LLP
2000 L Street, N.W., Suite 808
Washington, D.C. 20036
(202) 973-0900
(202) 973-0950 (fax)
jtycko@tzslaw.com

*For Plaintiffs*

4